THE STATE OF OHIO, APPELLEE, *v*. HOBBS, APPELLANT.

[Cite as *State v. Hobbs,* 133 Ohio St.3d 43, 2012-Ohio-3886.]

*Criminal law—Arrest—Crim.R. 4(A)—Warrants—Probable cause—Neutral magistrate—Person acting in dual capacity as deputy sheriff for county and deputy clerk for municipal court in same county is not neutral and detached magistrate for purposes of determining probable cause for issuing an arrest warrant.*

(Nos. 2011-1504 and 2011-1593—Submitted May 9, 2012—Decided August 29, 2012.)

APPEAL from and CERTIFIED BY the Court of Appeals for Summit County, No. 25379, 2011-Ohio-3192.

_____

SYLLABUS OF THE COURT

A person acting in a dual capacity as deputy sheriff for a county and deputy clerk for a municipal court located in that same county is not a neutral and detached magistrate for purposes of determining whether probable cause exists for issuing an arrest warrant.

_____

CUPP, J.

{¶ 1} For purposes of Crim.R. 4(A), may a person simultaneously hold the positions of deputy sheriff for a county and of deputy clerk for a municipal court located in that same county? Because the appellate court reached the proper conclusion in this matter, we affirm.

**I. Factual and Procedural Background**

{¶ 2} In 2009, three detectives of the Summit County Sheriff's Department visited appellant, Jillian D. Hobbs, at her home. The purpose of the

visit was to ask appellant about a recent burglary in the neighborhood in which she had been implicated. Upon the detectives' arrival, appellant invited them inside. But after hearing about the purpose of the visit, appellant and her boyfriend went outside to speak privately. When appellant returned, she confessed to the detectives that she had committed the burglary they were investigating. The detectives arrested appellant.

{¶ 3} One of the arresting detectives drew up a complaint charging appellant with burglary, an arrest warrant based on the complaint, and an affidavit swearing to the facts in the complaint. The detective submitted the paperwork to the deputy clerk of the Barberton Municipal Court. The municipal court is located within the jurisdiction of the Summit County Sheriff's Department, and the deputy clerk is employed as a sergeant by the Summit County Sheriff's Department. After reviewing the arresting detective's documentation, the deputy clerk had the arresting officer swear an oath on the affidavit. The deputy clerk then determined that probable cause existed for appellant's arrest and signed the warrant. The complaint was filed with the Barberton Municipal Court the next morning. Thereafter, a grand jury indicted appellant on a burglary charge.

{¶ 4} In the trial court, appellant filed a motion to suppress the evidence of her arrest and any statements or identifications stemming from the incident and to dismiss the charges against her. She argued that the warrant for her arrest was invalid because it was based on a finding of probable cause made by a magistrate who was not neutral and detached due to his dual role as a law-enforcement officer and clerk of the court. Although the trial court agreed that the warrant was not properly issued, it denied the motion to suppress, concluding that no evidence had come to light as a result of the warrant, and therefore there was nothing to suppress. Appellant pled no contest and was sentenced accordingly.

{¶ 5} Appellant appealed, contending that the trial court erred in denying her motion to suppress and to dismiss. The appellate court affirmed. *State v.*

2

*Hobbs,* 9th Dist. No. 25379, 2011-Ohio-3192. Thereafter, appellant obtained a certification of a conflict between the decision in this case and the decisions in *State v. Garrett*, Cuyahoga App. Nos. 87112 and 87123, 2006-Ohio-6020, and *State v. Robinson*, Cuyahoga App. Nos. 49501, 49518, and 49577, 1985 WL 8499 (Oct. 24, 1985). We recognized the conflict and also accepted appellant's discretionary appeal on Proposition of Law No. I. 129 Ohio St.3d 1503, 2011-Ohio-5358, 955 N.E.2d 386, and 130 Ohio St.3d 1470, 2011-Ohio-6027, 957 N.E.2d 328.

## II. Analysis

**{¶ 6}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In its review of this matter, the appellate court acknowledged that it must accept the trial court's findings of fact if they are supported by competent, credible evidence and then independently determine, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. *Id.* Upon application of the aforementioned standard, the appellate court reached the same factual and legal conclusions as the trial court; i.e., that the warrant was invalid but that there was no evidence to suppress.

**{¶ 7}** On review of the case before this court, we are not required to, and ordinarily do not, weigh evidence. *Peer v. Indus. Comm.*, 134 Ohio St. 61, 67, 15 N.E.2d 772 (1938). When, as here, similar factual findings are made by the court of common pleas and the court of appeals, those factual findings must be accepted by this court unless there is no evidence of probative value to support them. *Gillen-Crow Pharmacies, Inc. v. Mandzak*, 5 Ohio St.2d 201, 205, 215 N.E.2d 377 (1966), citing *MacNab v. Cleveland Metro. Park Dist. Bd. of Park Commrs.*, 108 Ohio St. 497, 500, 141 N.E. 332 (1923). The parties' arguments are not directed to the facts. They focus instead on challenges to the courts' legal conclusions, i.e., that appellant's arrest warrant was invalid but that the

exclusionary rule is not implicated here. Accordingly, this court will not disturb the trial court's findings of fact. *Gillen-Crow Pharmacies, Inc.* at 205.

{¶ 8} The legal issues before this court are (1) whether a person acting in the dual capacities of deputy sheriff for a county and deputy clerk for a municipal court located in the same county can determine the existence of probable cause for purposes of issuing a valid warrant under Crim.R. 4(A)[1] and (2) if a warrant so issued is not valid, whether the exclusionary rule is the appropriate remedy.[2]

{¶ 9} The general rule with respect to the dual-capacity question is that because a "warrant traditionally has represented an independent assurance that a search and arrest will not proceed without probable cause to believe that a crime has been committed and that the person or place named in the warrant is involved in the crime, * * * an issuing magistrate must meet two tests." *Shadwick v. Tampa*, 407 U.S. 345, 350, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). The magistrate must be (1) neutral and detached and (2) capable of determining whether probable cause exists for the requested arrest. *Id*.

{¶ 10} In articulating this standard, the Supreme Court of the United States observed that to ensure proper separation of law enforcement from the judicial process of determining probable cause, "inferences [of probable cause must] be drawn by a neutral and detached magistrate instead of being judged by

---

1. The certified-conflict question is "May a law enforcement officer serving a dual-role as an officer and deputy clerk of a local municipal court, act as a neutral and detached magistrate for purposes of Crim.R. 4(A)?"

2. The proposition of law presented in the discretionary appeal is:

> When a warrantless arrest occurred with no showing why a warrant could not first be obtained followed by a "bare bones" complaint for an arrest warrant for continued detention and the warrant issued when one officer acted in the dual role of officer and deputy clerk where that dual-role was part of a recurring, systemic practice denying prompt determinations of probable cause by a neutral and detached magistrate, the exclusionary rule must apply to all evidence obtained directly or indirectly due to such policy from the time the policy was implemented as well as apply to bar evidence directly or indirectly obtained after the particular warrant issued.

the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). A magistrate is not neutral and detached if that magistrate is also the law-enforcement officer in charge of the investigation. *Coolidge v. New Hampshire*, 403 U.S. 443, 450, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (warrant invalid because determination of probable cause was made by agent in charge of investigation who was also chief prosecutor at trial).

{¶ 11} The need for separating the executive function of law enforcement from the judicial function of determining probable cause has previously been affirmed in Ohio. Over 25 years ago, an appellate court determined that a deputy clerk for a municipality was not a neutral and detached magistrate because she was also a dispatcher employed by the police department. *State v. Torres*, 6th Dist. No. WD-85-64, 1986 WL 9097, *2 (Aug. 22, 1986).

{¶ 12} The Ohio Attorney General has expressed similar concerns regarding the separation required between the executive function of law enforcement and the judicial function of determining probable cause. For instance, the attorney general has declared that a clerk of a county or municipal court may not appoint deputy sheriffs of that same county as deputy clerks of the court. 1984 Ohio Atty.Gen.Ops. No. 84-028, 1984 WL 196622; 1961 Ohio Atty.Gen.Ops. No. 2066. Because the clerk of a county or municipal court may call upon deputy sheriffs to serve warrants, summonses, and the like, the law-enforcement duties of deputy sheriffs risk being subordinate to and dependent upon clerks of county and municipal courts rather than separate and independent from them. *Id.* The deputy sheriff in such a dual role could also be subject to divided loyalties and conflicting duties if, for instance, the deputy sheriff, who is also the deputy clerk, is called upon to investigate irregularities in the handling of funds collected by the clerk or deputy clerks. *See* 1984 Ohio Atty.Gen.Ops. No. 84-028, at *2.

**{¶ 13}** Similarly, a police officer serving a municipality may not be appointed to the position of deputy clerk for a municipal court located in that same municipality. 1988 Ohio Atty.Gen.Ops. No. 88-093. Nor may a dispatcher for the county sheriff be appointed to the position of deputy clerk of a municipal court located in that same county. 1995 Ohio Atty.Gen.Ops. No. 95-020, 1995 WL 534312. *See also* 1996 Ohio Atty.Gen.Ops. No. 96-050, 1996 WL 570284 (a jail registrar who is employed by the county sheriff may not simultaneously hold the position of deputy clerk of a municipal court located within the county served by the county sheriff). As observed by the attorney general:

It is thus conceivable that a situation could arise in which a deputy municipal court clerk may be required to determine whether the county sheriff or a deputy sheriff had probable cause to make a warrantless arrest. See generally 1991 Op. Att'y Gen. No. 91-047 at 2-247 ("[t]he plain language of R.C. 2935.08 and R. Crim. P. 4 discloses that the General Assembly and the Ohio Supreme Court intended that individuals arrested without a warrant receive a post-arrest determination to ascertain whether the arresting officer had probable cause to make the arrest"). If the county sheriff or a deputy sheriff bring[s] a person arrested without a warrant before a deputy municipal court clerk who is employed by the county sheriff as a dispatcher, the deputy clerk's ability to exercise clear and independent judgment in the matter could be called into question because it could be difficult for the deputy clerk to set aside his loyalty to his employer, the county sheriff. Moreover, the deputy clerk may be predisposed to find probable cause for fear of reprisals, in his position of dispatcher, by the county sheriff. Accordingly, when an individual simultaneously

holds the positions of deputy municipal court clerk and dispatcher in the county sheriff's office, an impermissible conflict of interest exists because the individual is subject to influences that jeopardize the independence of the judicial function.

1995 Ohio Atty.Gen.Ops. No. 95-020, 1995 WL 534312, *2.

{¶ 14} Appellant argues that the deputy clerk of a municipal court cannot be a neutral and detached magistrate when that deputy clerk is also a deputy sheriff in that same county. In making this argument, appellant relies on the principle that various provisions of the federal and state constitutions, statutes, and criminal rules require warrants to issue upon probable cause upon oath before a neutral and detached magistrate. In particular, appellant contends that the documentation that the arresting detective submitted to the deputy clerk, and the procedures the deputy clerk applied to that documentation, were, in reality, the arresting detective's request for an arrest warrant pursuant to Crim.R. 4(A)(1). This rule provides:

If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.

{¶ 15} The state, however, disputes the source of the legal authority supporting the warrantless arrest of appellant. The state contends that the

arresting detective never requested an arrest warrant from the deputy clerk. Instead, the arresting detective made the determination that he had probable cause to make a warrantless arrest for burglary and acted pursuant to that authority. The state asserts that the detective had a reasonable belief that appellant had violated a state law, the law against burglary, which required him to arrest appellant and detain her until a warrant could be obtained. R.C. 2935.03(A)(1). After making the warrantless arrest of appellant, the detective took appellant before the appropriate court and the detective presented to the deputy clerk an affidavit for filing that described the offense. R.C. 2935.05. This is also the warrantless-arrest procedure set forth in Crim.R. 4(E)(2), which provides:

> *Arrest without warrant*. Where a person is arrested without a warrant the arresting officer shall, except as provided in division (F), bring the arrested person without unnecessary delay before a court having jurisdiction of the offense, and shall file or cause to be filed a complaint describing the offense for which the person was arrested. Thereafter the court shall proceed in accordance with Crim.R. 5 [initial appearance, preliminary hearing].

{¶ 16} Thereafter, a "judge, clerk, or magistrate shall forthwith issue a warrant to the peace officer making the arrest," and "[a]ll further detention and further proceedings shall be pursuant to such affidavit or complaint and warrant." R.C. 2935.08. *See also* Crim.R. 4(A)(1). Thus, the state asserts that the paperwork given to the deputy clerk did not require the deputy clerk to make a probable-cause determination and that the deputy clerk performed only the ministerial function of ensuring that the documents were formally filed. Thus, the state suggests that the certified question is not properly before this court because

it is based on the false premise that the deputy clerk made a probable-cause determination or acted as a neutral and detached magistrate.

{¶ 17} In the end, however, the parties' differences of opinion on the legal rationale for the warrantless arrest of appellant are academic. Crim.R. 4(A)(1) is implicated under both rationales. Appellant's argument is a direct challenge under Crim.R. 4(A)(1), asserting that because the arresting officer requested a warrant for appellant's arrest, the deputy clerk was required to make a probable-cause determination, which he cannot do because the deputy clerk is also a deputy sheriff and unable to be a neutral and detached magistrate. The state's argument, which is less direct, is that after the institution of the warrantless arrest procedure by the arresting officer and the filing of the affidavit or complaint that was accepted by the deputy clerk, the clerk of courts issues an arrest warrant pursuant to Crim.R. 4(A)(1).

{¶ 18} Moreover, based on the facts as found by the trial and appellate courts, the deputy clerk of the Barberton Municipal Court was also a sergeant in the Summit County Sheriff's Department. The Barberton Municipal Court is located in the same county as the Summit County Sheriff's Department. The arresting officer and the deputy clerk/sergeant are co-workers and members of the same department. The trial court and the appellate court observed that there were no facts to suggest that the deputy clerk acted improperly or that he lacked impartiality. The facts also did not suggest any lack of probable cause for the warrantless arrest. In fact, appellant does not dispute that the deputy clerk was not neutral or detached or that there was no probable cause for her warrantless arrest. The deputy clerk was not directly or indirectly involved in the investigation of appellant's case.

{¶ 19} Notwithstanding these circumstances, however, the deputy clerk's dual position as a sergeant in the sheriff's department located in the same county served by the Barberton Municipal Court creates an inappropriate tension between

the executive function of law enforcement and the judicial function of determining probable cause. The deputy clerk's dual-capacity position blurs the separation and threatens the independence of the executive and judicial functions. Further, the dual-capacity position places the deputy clerk at risk of divided loyalties and conflicting duties, as cogently described in the opinions of the Ohio Attorney General. The result is that the deputy clerk lacks the requisite neutrality and detachment to make the probable-cause determination necessary for issuing a valid warrant pursuant to Crim.R. 4(A)(1).

{¶ 20} Accordingly, we hold that a person acting in a dual capacity as deputy sheriff for a county and deputy clerk for a municipal court located in that same county is not a neutral and detached magistrate for purposes of determining whether probable cause exists for issuing an arrest warrant. We answer the certified question in the negative, and we affirm the judgment of the court of appeals that the arrest warrant was invalid because the deputy clerk impermissibly acted in a dual capacity.

{¶ 21} The remaining issue is whether the exclusionary rule should be invoked in this matter. The exclusionary rule operates to exclude, or suppress, evidence that is derived from police conduct that violated constitutional protections. *See generally Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The rule is a judicially created sanction intended to safeguard constitutional rights by deterring Fourth Amendment violations. *State ex rel. Wright v. Ohio Adult Parole Auth.,* 75 Ohio St.3d 82, 88, 661 N.E.2d 728 (1996).

{¶ 22} As the trial court observed, the appropriate remedy for a defective warrant issued subsequent to a warrantless arrest is the suppression of wrongly obtained evidence and not dismissal of the charges. *United States v. Woodbury*, 511 F.3d 93, 99 (1st Cir.2007). "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537

(1980). Moreover, as the trial court concluded, there was no evidence obtained as a result of the improperly issued arrest warrant. According to the arresting officer, the arrest was predicated primarily upon the pre-arrest confession, and no other evidence was obtained subsequent to the arrest.

{¶ 23} The appellate court reached similar conclusions. The evidence that underlies the charges in the indictment and supports the state's case-in-chief came from sources independent of the improperly issued arrest warrant, i.e., appellant's pre-arrest confession that she committed the burglary. Thus, the invalid warrant led to no evidence subject to suppression.

{¶ 24} Accordingly, the issue of whether the exclusionary rule is an appropriate remedy for an invalidly issued arrest warrant is not properly before us. We dismiss the discretionary appeal as having been improvidently accepted.

### III. Conclusion

{¶ 25} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., concurs in syllabus and judgment.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.

Law Office of Mark H. Ludwig, L.L.C., and Mark H. Ludwig, for appellant.

_____