[Cite as *State v. Gomez*, 2014-Ohio-3535.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ONEILL GOMEZ, IV

    Appellant

C.A. No.    13CA010389

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CR079878

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

WHITMORE, Judge.

{¶1}   Defendant, Oneill Gomez, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court reverses.

I

{¶2}   On January 24, 2010, Officers McCoy and Horning, of the Amherst Police Department, met at the Motel 6 to investigate a complaint about the occupants in room 245. When the officers knocked on the door, Gomez answered.  The officers entered the room and spoke with Gomez and the three other occupants.  At some point thereafter, Gomez asked permission to use the restroom.  According to Officer Horning, he requested to search Gomez and Gomez verbally consented.  Heroin, Xanax, and other miscellaneous items were found in Gomez's pants pocket.

{¶3}   Gomez was indicted on: (1) trafficking in heroin, in violation of R.C. 2925.03(A)(2), a felony of the second degree; (2) possession of heroin, in violation of R.C.

2925.11(A), a felony of the second degree; (3) tampering with records, in violation of R.C. 2913.42(A)(1), a felony of the third degree; (4) identity fraud, in violation of R.C. 2913.49(B)(1), a felony of the fifth degree; (5) possession of Xanax, in violation of R.C. 2925.11(A), a misdemeanor of the first degree; and (6) possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.

{¶4} Gomez filed a motion to suppress the evidence, asserting that he did not consent to the warrantless search. The court held a hearing and took the matter under advisement. Subsequently, Gomez entered a plea of no contest. The court found Gomez guilty and sentenced him to two years in prison. Gomez now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS, THEREBY VIOLATING HIS RIGHT TO BE SECURE FROM AN UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶5} In his sole assignment of error, Gomez argues that the court erred in denying his motion to suppress.

{¶6} The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court,

> whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied). Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. Lorain No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

{¶7} At the outset, we must note that the court failed to expressly rule on Gomez's motion to suppress. Despite the court not explicitly ruling on the motion, it is deemed denied. There is a presumption that any outstanding motions were denied with the entry of a judgment of conviction. *See State v. Mollick*, 9th Dist. Lorain No. CA99CA007381, 2000 WL 1197027, *1 (Aug. 23, 2000).

{¶8} Because the court did not rule on Gomez's motion to suppress prior to his change of plea, we must consider whether his assignment of error has been waived. We acknowledge that under certain circumstances, a plea of no contest prior to a ruling on a motion to suppress may waive suppression errors on appeal. *See State v. Daniel*, 5th Dist. Fairfield No. 95CA33, 1996 WL 362895, *5 (June 10, 1996). Here, however, the record reflects that Gomez did not waive his assignment of error. At the beginning of the change of plea hearing, defense counsel reminded the court that it had held a suppression hearing and stated that the court had denied it. The court then went on to explain to Gomez that his plea of no contest preserved his right to appeal its decision on his motion to suppress. Further, the State has made no argument of waiver. Based on the record, we cannot conclude that Gomez waived his assignment of error by pleading no contest prior to the court journalizing its decision on his motion to suppress.

{¶9}    At the suppression hearing, Officer Horning testified that he met Officer McCoy at the Motel 6 to investigate a complaint. When the officers arrived at the motel, they knocked on the door of room 245 and Gomez answered. According to Officer Horning, the officers introduced themselves, explained that there had been a complaint, and asked to come inside the room to talk. Officer Horning said Gomez gave them verbal permission to enter. Once inside, Officers Horning and McCoy began gathering identification information from the occupants. At some point, Gomez requested permission to use the restroom. Officer Horning testified that he asked Gomez if he could pat him down first. According to Officer Horning, Gomez then put his hand in his front pants pocket. Officer Horning ordered Gomez to remove his hand from his pocket, which he did, and again asked permission to pat him down. Officer Horning testified that Gomez then gave verbal consent to a pat down. During his pat down, Officer Horning felt something in Gomez's pants pocket, but could not tell what it was. Officer Horning then asked Gomez if he could go into his pocket. According to Officer Horning, Gomez gave him permission to search his pocket and even offered to pull the objects out of his pocket for Officer Horning.

{¶10} Gomez testified that he did not give the officers permission to enter the motel room, to pat him down, or to search his pocket. According to Gomez, the officers entered the room when he opened the door, without saying anything. The officers ordered him to sit down on the bed while they began collecting identification information from the occupants. Gomez testified that he asked to use the restroom and one of the officers said yes. According to Gomez, when he stood to go use the bathroom, one of the officers spun him against the wall and searched him.

**{¶11}** At the end of the suppression hearing, the court noted that the issue turned on the credibility of the witnesses and said it would take the matter under advisement. The court never entered a judgment denying Gomez's motion to suppress, and therefore, never issued any findings of fact. While we presume the court denied the motion, we cannot review the matter without findings of fact. *See State v. Payne*, 9th Dist. Wayne No. 11CA0029, 2012-Ohio-305, ¶13-15. "This Court fully recognizes that in reviewing a trial court's suppression ruling, 'we must defer to the credibility assessments of the trial court.'" *Id*. at ¶ 13, quoting *State. v. McGinty*, 9th Dist. Medina No. 08CA0039-M, 2009-Ohio-994, ¶ 22. "It is imperative to this Court's application of law to the facts in this case that the trial court make a finding of credibility as to the disputed facts. Due to our limited standard of review with regard to the facts, we are not permitted to fill this gap." *State v. Martin*, 9th Dist. Summit No. 24812, 2009-Ohio-6948, ¶ 14, citing *State v. Guysinger*, 86 Ohio App.3d 592, 594 (4th Dist.1993).

**{¶12}** Because the court made no findings of fact, we reverse the trial court's judgment and remand the matter for the trial court to set forth factual findings and to journalize its decision on Gomez's motion to suppress. Gomez's sole assignment of error is sustained.

III

**{¶13}** Gomez's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

PAUL GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.