[Cite as *State v. Leatherwood*, 2020-Ohio-3012.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

v.

LORENZO LEATHERWOOD, JR.

    Appellee

C.A. No.     29544

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2019 03 0935

DECISION AND JOURNAL ENTRY

Dated: May 20, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, the State of Ohio, appeals an order that granted Lorenzo Leatherwood's motion to suppress. This Court reverses.

I.

{¶2}    On February 23, 2019, two Ohio State Troopers stopped a vehicle in Akron after it failed to stop at a stop sign. As the troopers prepared to exit their cruiser and approach the vehicle, the front passenger door opened, and the passenger fled the scene on foot. One of the troopers gave chase but returned to the scene of the stop when he was unable to apprehend the individual.

{¶3}    Simultaneously with the stop of the vehicle—and unbeknownst to the troopers—a woman called 911 to report that Mr. Leatherwood had an outstanding warrant for his arrest. During the 911 call, the woman stated that Mr. Leatherwood was walking in a park but that he got into a vehicle when he discovered that she was calling the police. The woman described Mr. Leatherwood and the vehicle, and she provided the dispatcher with the vehicle's license plate

number. She also informed the dispatcher that she was following behind the vehicle, and she noted when State troopers pulled the vehicle over. When the troopers initiated the traffic stop, the woman abruptly ended the call.

{¶4} Meanwhile, as the troopers continued to process the stop, two things happened: an unknown woman arrived at the scene, and dispatch from the City of Akron provided information related to the 911 call. The woman who approached informed the troopers that she knew the identity of the passenger who had fled the scene and that the driver of the stopped car would be able to identify him as well. When the troopers were advised by dispatch that the fleeing individual was Mr. Leatherwood, the woman at the scene confirmed this information. Akron police officers also arrived at the scene and provided the troopers with a photograph of Mr. Leatherwood. One of the troopers, who had been able to observe the individual who fled, identified him from the photograph. The troopers did not obtain any further information from the woman who approached the scene of the stop because an unrelated incident involving the safety of another trooper forced them to leave the scene unexpectedly.

{¶5} After these events, a warrant issued for Mr. Leatherwood's arrest. On March 9, 2019, Mr. Leatherwood was arrested on the outstanding warrant and on the warrant arising out of this incident. Mr. Leatherwood was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a) and two counts of obstructing official business in violation of R.C. 2921.31(A)/(B) arising out of the traffic stop and on one count of domestic violence in violation of R.C. 2919.25(A) and (D)(3) related to the existing warrant. Mr. Leatherwood moved to "suppress[] all information as it was derived from anonymous unknown callers[]" and argued that "anonymous tips * * * are generally less reliable than tips from known informants and can form the basis for reasonable suspicion only if accompanied by specific indicia

of reliability[.]" After conducting a hearing on the motion, the trial court acknowledged that "[Mr. Leatherwood's] boilerplate motion to suppress simply raises the issue of the unreliability of anonymous tips and requests this Court grant its motion." Nonetheless, the trial court determined that the unknown woman's information was an anonymous tip that could not support a reasonable suspicion of criminal activity and reasoned that "it follows that the anonymous tip on its own is also insufficient to find probable cause for an arrest." The trial court suppressed "the identification of [Mr.] Leatherwood derived from the anonymous call[,]" and the State appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN SUPPRESSING THE IDENTIFICATION OF
THE DEFENDANT[.]

{¶6}     The State's assignment of error argues that the trial court erred by suppressing the identification of Mr. Leatherwood because the woman who provided information in the course of the 911 call and at the scene of the stop did not provide an anonymous tip. This Court agrees that the trial court erred, but for a more fundamental reason.

{¶7}     The exclusionary rule "operates to exclude, or suppress, evidence that is derived from police conduct that violated constitutional protections." *State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 21, citing *Mapp v. Ohio*, 367 U.S. 643 (1961). Consequently, a constitutional violation in obtaining evidence must be present in order for the exclusionary rule to be applied. *See Hudson v. Michigan*, 547 U.S. 586, 592-593 (2006) (explaining the role of but-for causation in application of the exclusionary rule). The exclusionary rule is "'a deterrent sanction that bars the prosecution from introducing evidence obtained *by way of a Fourth Amendment violation*.'" (Emphasis added). *State v. Dibble*, Slip Opinion No. 2020-Ohio-546, ¶ 14, quoting *Davis v. U.S.*, 564 U.S. 229, 231-232 (2011). *See also Kettering v. Hollen*, 64 Ohio St.2d 232, 234-235 (1980).

**{¶8}** A motion to suppress is the vehicle through which suppression under the exclusionary rule may be obtained. *State v. French*, 72 Ohio St.3d 446, 449 (1995). *See also Hilliard v. Elfrink*, 77 Ohio St.3d 155, 158 (1996), quoting *Black's Law Dictionary* 1014 (6th Ed.1990) (explaining that a motion to suppress is "a '[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment * * *, the Fifth Amendment * * *, or the Sixth Amendment * * * of [the] U.S. Constitution.'"). "The purpose and effect of a motion to suppress and a motion *in limine* are distinct." (Emphasis in original.) *French* at 449. In contrast, a trial court's ruling on a motion in limine reflects "the court's anticipatory treatment of an evidentiary issue at trial." *Defiance v. Kretz*, 60 Ohio St.3d 1, 4 (1991).

**{¶9}** The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). This question is evaluated in light of the totality of the circumstances surrounding the stop. *State v. Freeman*, 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

**{¶10}** When officers rely on an informant's tip to establish reasonable suspicion for an investigative stop, the tip must have "sufficient indicia of reliability" that justifies the stop. *Maumee v. Weisner*, 87 Ohio St.3d 295 (1999), paragraph two of the syllabus. As a general rule, anonymous informants are "comparatively unreliable" and a tip "will generally require independent police corroboration." *Id*. at 300, citing *Alabama v. White*, 496 U.S. 325, 329 (1990).

The nature of and circumstances surrounding an informant's tip are part of the totality of the circumstances that must be considered in determining whether an investigative stop is based upon reasonable suspicion. *See Weisner* at 302-303.

{¶11} Evidence gained as a result of an investigative stop that is not based upon reasonable suspicion—whether or not that determination is based upon an informant's tip—may be suppressed. A challenge to the admission of testimony related to the substance of the tip itself, however, raises questions outside the scope of application of the exclusionary rule through a motion to suppress. *See*, *e.g.*, *State v. Szafranski*, 8th Dist. Cuyahoga No. 107905, 2019-Ohio-4349, ¶ 44-52; *State v. Conyer*, 7th Dist. Mahoning No. 16 MA 0021, 2017-Ohio-7506, ¶ 11-20; *State v. Hart*, 1st Dist. Hamilton No. C-060686, 2007-Ohio-5740, ¶ 32-36.

{¶12} In this case, Mr. Leatherwood's motion to suppress alleged, in vague terms, a lack of reasonable suspicion, but it is unclear to what alleged action on the part of law enforcement the motion was directed. Mr. Leatherwood did not identify any constitutional violation that resulted from police conduct. *See Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, at ¶ 21. Specifically, he did not maintain that the potential "identification testimony * * * was illegally obtained." *See* Crim.R. 12(C)(3). Mr. Leatherwood did not request the exclusion of any evidence seized by law enforcement as a result of acting in reliance upon the information provided by the 911 caller, and his motion to suppress did not challenge the adequacy of the warrant that led to his arrest or point to any evidence seized as a result of its execution. Indeed, it appears that Mr. Leatherwood's goal was not the suppression of any evidence gained as the result of an alleged constitutional violation, but the exclusion of testimony related to the trooper's identification of him as the individual who fled when the troopers approached. *See generally Szafranski* at ¶ 44-52; *Conyer* at ¶ 11-20; *Hart* at ¶ 32-36.

{¶13} Under these circumstances, when no constitutional violation has been alleged or demonstrated, we cannot agree that suppression was appropriate. Accordingly, the State's assignment of error is sustained.

III.

{¶14} The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

TEODOSIO, J.
<u>CONCURRING.</u>

{¶15} I concur with the majority in its analysis and disposition of this appeal, but feel compelled to write separately if only to stress that this matter does not involve an anonymous informant as the trial court determined, but rather an identified citizen informant. Although the informant never actually provided her name and the police never asked for it, courts are generally "lenient in their assessment of the type and amount of information needed to identify a particular informant." *Maumee v. Weisner*, 87 Ohio St.3d 295, 301 (1999). "Whether an informant is 'anonymous' depends on whether the informant [herself] took steps to maintain anonymity, not on whether the police had time to get [her] name." *State v. Cisternino*, 8th Dist. Cuyahoga No. 94674, 2010-Ohio-6027, ¶ 16. The informant here provided information to the 9-1-1 dispatcher and then spoke with officers in person at the scene. "'There is nothing even remotely anonymous, clandestine, or surreptitious about a citizen stopping a police officer on the street to report criminal activity.'" *Maumee* at 301, quoting *State v. Ramey*, 129 Ohio App.3d 409, 416 (1st Dist.1998). Nothing in the record before us suggests that the informant here would have refused to give her name if asked or that she attempted to conceal her identity in any way. *See Cisternino* at ¶ 16. She is therefore an identified citizen informant, based on the totality of the circumstances present in this case.

<u>APPEARANCES:</u>

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

WALTER T. MADISON, Attorney at Law, for Appellee.