[Cite as *State v. McCarter*, 2021-Ohio-2077.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 20CA16 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JUSTIN T. McCARTER, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

William B. Summers, Summers & Associates, Parkersburg, West Virginia, for
Appellant.

Paul G. Bertram, III, Marietta City Law Director, and Daniel Everson, Marietta
City Assistant Law Director, Marietta, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Justin McCarter, has filed an appeal from a "Judgment

Entry In OVI" that was issued by the Marietta Municipal Court on June 25, 2020.

On appeal, McCarter contends 1) that the lower court committed reversible error

by denying his motion to suppress "after he sought leave to have new counsel[;]"

and 2) that the lower court committed reversible error by refusing to hear the

merits of his motion to suppress.  Because we find no merit to the arguments raised

in either of these assignments of error, they are overruled.  Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2} On March 14, 2019, McCarter was stopped while driving his vehicle in Marietta, Ohio after he made an improper turn at an intersection.  Upon being stopped, McCarter informed the officer that he had no license and had smoked marijuana before driving.  A search of the vehicle resulted in the discovery of six clonazepam pills and one gram of crystal meth.  After failing several field sobriety tests and voluntarily submitting to a urine test, McCarter was charged with one count of OVI, in violation of R.C. 4511.19(A)(1)(a), the "A" charge, and one count of driving without an operator's license, in violation of R.C. 4510.12(A), the "B" charge.

{¶3} McCarter was appointed counsel and he initially pled not guilty to the charges.  The matter proceeded through discovery until McCarter failed to appear at a pretrial hearing on August 1, 2019, and a warrant was issued for his arrest.  Thereafter, the State received the lab test results and elected to file additional charges on August 6, 2019.  These charges included one count of operating a vehicle with a concentration of amphetamine in his urine of five hundred nanograms per milliliter or greater, in violation of R.C. 4511.19(A)(1)(j)(i), one count of operating a vehicle with a concentration of marijuana metabolite in his

urine of thirty-five nanograms per milliliter or greater, in violation of R.C.

4511.19(A)(1)(j)(viii)(II), and one count of operating a vehicle with a

concentration of methamphetamine in his urine of five hundred nanograms per

milliliter or greater, in violation of R.C. 4511.19(A)(1)(j)(ix).   These charges were

referred to as the "C," "D," and "E" charges below.

{¶4} Appellant was arrested on the outstanding warrant and arraigned on the

new charges on September 25, 2019.  It appears from the record that McCarter

then hired new counsel and the public defender initially appointed to represent him

withdrew from the case.  Although there are no hearing transcripts from any of the

pretrial hearings that were held, it appears from the record that McCarter's new

counsel indicated he planned to file a motion to suppress based upon an argument

that the initial stop was invalid.  In response, the State filed a "Motion For

Defendant To Show Good Cause For Relief From Rule 12(H) Waiver."  In its

motion, the State argued that the trial court should:

> refuse to accept for filing any untimely motions (such as
> suppression motions), and that the Court further prevent
> Defendant from making any future motions in connection with
> the above-captioned cases except as specifically permitted by
> rule, unless Defendant through counsel makes an evidentiary of
> [sic] showing of good cause for delay sufficient to justify relief
> from Rule 12(H) waiver.

It appears the basis of the State's argument was that the filing of such a motion at that stage in the litigation would have been untimely.  The State further requested a hearing on its motion.

{¶5} The trial court scheduled a "Hearing on Motion for Defendant to Show Good Cause for Relief from Rule 12(H) Waiver" on December 30, 2019. However, defense counsel requested a continuance of the hearing.  As such, the hearing was continued to January 27, 2020.  The hearing went forward as scheduled and a transcript from that hearing is part of the appellate record.  As will be discussed more fully below, the hearing was concluded rather quickly because defense counsel represented to the trial court that he had determined there was no basis for filing a motion to suppress and he no longer planned to file the motion. Defense counsel further requested that the trial court set the matter for a jury trial.

{¶6} Prior to going to trial, however, McCarter entered a guilty plea to the "D" charge in exchange for the dismissal of the other charges.  A judgment entry on OVI was filed on June 25, 2020.  McCarter thereafter filed his notice of appeal on July 24, 2020.  He now raises two assignments of error for our review, as follows.

ASSIGNMENTS OF ERROR

I.    DID THE LOWER COURT COMMIT REVERSIBLE
      ERROR BY DENYING THE DEFENDANT'S MOTION
      AFTER HE SOUGHT LEAVE TO HAVE NEW
      COUNSEL?

II.     DID THE LOWER COURT COMMIT REVERSIBLE
        ERROR BY REFUSING TO HEAR THE MERITS OF
        THE DEFENDANT'S MOTION TO SUPPRESS?

{¶7} For ease of analysis, we address McCarter's assignments of error in conjunction with one another. In his first assignment of error, McCarter contends the trial court committed reversible error by denying his motion [to suppress] after he sought leave to have new counsel. More specifically, McCarter argues that the lower court committed reversible error and abused its discretion in refusing to hear his motion to suppress after he had requested new counsel because his prior counsel had not filed such a motion. In his second assignment of error, McCarter contends the trial court committed reversible error by refusing to hear the merits of his motion to suppress. He argues more specifically that the trial court erred by not listening to the merits of the motion after counsel indicated at the hearing that the motion dealt "specifically with the actual legality of the alleged crime," because it could have been shown that no traffic violation had been committed and thus, there was no reasonable suspicion for the stop.

{¶8} The State responds by arguing that the trial court could not have abused its discretion in refusing to hear a motion to suppress because McCarter never actually filed a motion to suppress. More specifically, the State contends that although McCarter's new counsel mentioned filing a motion to suppress, he never actually followed through with filing the motion. Thus, the State argues

there is no exercise of discretion to review in this case. The State further argues that "[w]here there is no discretion, there can be no abuse."

{¶9} Additionally, the State points out that after it took the "affirmative discretionary step" of bringing the lack of timeliness of such a potential filing to the court's attention, "Defendant through counsel made the whole issue moot by orally communicating to the court that no motion would be forthcoming after all." The State argues there was no need for the trial court to rule on a motion that was withdrawn, or in this case, never filed. The State further argues this Court lacks jurisdiction over this case due to the lack of reviewable court action. The State concedes that this Court has jurisdictional authority to review judgments of conviction, but argues that the current appeal is not from the judgment of conviction and does not challenge the sentence imposed. Here, it appears McCarter is challenging the trial court's denial of, or refusal to hear, a motion to suppress that was never actually filed.

Legal Analysis

{¶10} We initially note that McCarter's notice of appeal failed to be perfected when it was filed because it contained multiple deficiencies. Of importance here, McCarter failed to attach the final order from which he was appealing, and although he filed a notice to the court reporter to prepare various transcripts, he failed to pay the $250 fee that was required for the transcripts to be

prepared. Additionally, a review of the docketing statement that was filed with the notice of appeal indicates McCarter did not plan to request copies of the transcripts. He also eventually filed proposed assignments of error, which are usually only filed when transcripts will not be included with the record on appeal.

{¶11} The record was transmitted to this Court on September 2, 2020, with a notation from the county clerk that transcripts were not included. McCarter eventually remedied the first deficiency by filing a copy of the "Judgment Entry In OVI" dated June 25, 2020. Thus, it appears he is appealing from his judgment of conviction and sentence. Further, it appears one transcript from a January 27, 2020 motions hearing was transmitted to this Court for review. We note at this juncture that Appellee's brief contained an appendix of exhibits which included a November 20, 2020 journal entry filed by the trial court relating to issues surrounding McCarter's appellate filing deficiencies, including the fact that required fees were not paid for transcripts, but stating that the transcript of the January 27, 2020 hearing would be prepared and filed. However, although this journal entry is attached to Appellee's brief, it does not appear that the record on appeal was ever formally supplemented to include this order and therefore it is not properly before us on appeal. Nevertheless, because the transcript from the January 27, 2020 motions hearing was transmitted to this Court, we will review it.

{¶12} We begin by noting that " '[a]ppellate review of a trial court's decision on a motion to suppress raises a mixed question of law and fact.' " *State v. Robinson*, 4th Dist. Washington No. 16CA33, 2017-Ohio-8274, ¶ 15, quoting *State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, 975 N.E.2d 965, ¶ 6. "Because the trial court acts as the trier of fact in suppression hearings and is in the best position to resolve factual issues and evaluate the credibility of witnesses, we must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Robinson* at ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Accepting these facts as true, we must then 'independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.' " *Robinson* at ¶ 15, quoting *Hobbs* at ¶ 8, citing *Burnside* at ¶ 8. McCarter contends that the trial court abused its discretion, however, in refusing to hear his motion to suppress. McCarter concedes there was no suppression motion made, or denied, for this Court to review.

{¶13} As indicated above, the record before us on appeal consists of the pleadings, written motions, judgment entries, and only one transcript from a motions hearing held on January 27, 2020. Although McCarter argues that the trial court "refused to hear" his motion to suppress, there is no support for such an argument in the record before us. Again, we have no transcripts from the various

pretrial hearings where the filing of such a motion may have been discussed between counsel and the court. Moreover, a review of the record indicates that no written motion to suppress was ever filed by McCarter's originally-appointed counsel, nor his later hired counsel. Although the State filed an objection to defense counsel's potential filing of a motion to suppress, arguing such a filing would have been untimely and out of rule, the trial court never actually issued a ruling on whether defense counsel would be permitted to file the motion because defense counsel abandoned the idea of filing the motion at the motions hearing held on January 27, 2020. The hearing transcript states as follows regarding this issue:

> THE COURT: We're on the record in 19TRC1269, State of Ohio versus Justin McCarter. This matter was set today for a hearing for relief from 12(H). Have the parties discussed this matter?
>
> MR. EVERSON: We have briefly, Judge. I was just told by Attorney Summers he's researched it, doesn't see any basis for filing the motion, and would withdraw his motion, but I will let him speak for himself further beyond that.
>
> THE COURT: Okay.
>
> MR. SUMMERS: That's essentially correct, Your Honor.
>
> THE COURT: So I guess I need just to simply set this matter for a Jury Trial, is that correct?
>
> MR. EVERSON: Yes.

MR. SUMMERS:  That's what we would request, Your Honor.
Thank you.

{¶14} A reading of the above excerpt from the transcript makes it clear that defense counsel, Mr. Summers, who is also appellate counsel, represented to the court on the record that he had researched the matter, found no basis in which to file a motion to suppress, and thus was requesting the court set the matter for a jury trial.  Yet on appeal Mr. Summers argues as follows:

> Here, the important point is that counsel sought to file a Motion to Suppress because the stop never should have occurred in the first place as no law was violated.  If that is not good cause for granting the extension of time, then the precedent that otherwise would be set would be terrifying in that new counsel who sees a legitimate issue regarding the legality of the stop, would only be able to counsel their client that they had an ineffective attorney prior to, and that they are likely about to serve time for something that never should have occurred.  It does not matter what was found in the vehicle.  What matters is that Motions to Suppress based on unlawful stops should at a minimum be heard.
>
> Refusing to hear a Motion that directly goes to the heart of the case which is the stop should be viewed by the Court as having been unreasonable, arbitrary, or unconscionable.
>
> Therefore, because the Motion dealt with the legality of the stop itself, and because counsel was newly retained when the Motion was asked to be presented, and because the Motion would directly affect the outcome of this case, the lower Court did abuse its discretion, and the lower Court should be reversed.

{¶15} The arguments currently being made on appeal simply cannot be reconciled with defense counsel's representations to the court during the hearing.

Further, considering the arguments on appeal in light of the contents of the hearing transcript, it is this Court's view that McCarter's arguments are at best, baseless and disingenuous, and at worst, constitute a frivolous appeal and border on a fraud upon the Court.  Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.


For the Court,

_____
Jason P. Smith
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**