[Cite as *Cuyahoga Falls v. Doskocil*, 2013-Ohio-2074.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| CITY OF CUYAHOGA FALLS | | C.A. No. 26553 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TROY S. DOSKOCIL | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2012 TRC 0968 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Troy Doskocil, appeals from his convictions in the Stow Municipal Court. This Court affirms.

I

{¶2} At approximately 3:00 a.m. on January 17, 2012, Officer Todd Shafer was aiding another officer during a traffic stop on Broad Boulevard. The portion of Broad Boulevard at issue in this appeal consists of four lanes (two eastbound lanes and two westbound lanes) and is divided along its center by a concrete median. The car that was the subject of the traffic stop on which Officer Shafer was assisting was stopped in the right-hand lane of Broad Boulevard on the westbound side. Officer Shafer was standing next to the driver's side of the detained car talking to its driver when he observed another car approaching. According to Officer Shafer, the car appeared to be drifting toward him. The car then passed by him "very, very close[ly]," without slowing down. Officer Shafer immediately returned to his cruiser and pursued the car as he felt

that the car had just missed hitting him. He stopped the car after it turned onto State Road. Doskocil was the driver of the car.

{¶3} As a result of Officer Shafer's stop, Doskocil was charged with the following three offenses: (1) operating a vehicle under the influence of alcohol or drugs, in violation of Cuyahoga Falls Codified Ordinance ("C.F.C.O.") 333.01(a)(1)(A); (2) operating a vehicle with a prohibited blood alcohol content level, in violation of C.F.C.O. 333.01(a)(1)(D); and (3) approaching a stationary public safety vehicle, in violation of C.F.C.O. 333.031. Doskocil initially pleaded not guilty to all three charges and filed a motion to suppress. The court held a hearing on Doskocil's motion and later denied it. After the court denied Doskocil's motion, he withdrew his not guilty plea and pleaded no contest to all three charges. The court merged the two OVI charges and sentenced Doskocil on the charge arising from a violation of C.F.C.O. 333.01(a)(1)(A). The court sentenced Doskocil to 30 days in jail, with 27 days suspended on the condition that he complete a driver intervention program. The court also imposed a fine on both the OVI charge and the approaching a stationary public safety vehicle charge. The court ordered that Doskocil's sentence be stayed for purposes of his appeal.

{¶4} Doskocil now appeals from his convictions and raises three assignments of error for our review. For ease of analysis, we combine two of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED DOSKOCIL'S SUPPRESSION MOTION, AND HIS OVI AND PROHIBITED BLOOD ALCOHOL CONTENT CONVICTIONS MUST BE REVERSED.

{¶5}    In his first assignment of error, Doskocil argues that the trial court erred by denying his motion to suppress.  Specifically, he argues that Officer Shafer lacked reasonable suspicion to stop his car.  We disagree.

{¶6}    The Ohio Supreme Court has held that:

> [a]ppellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Fanning*, 1 Ohio St.3d 19 (1982).  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.  *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied).  Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo.  *State v. Conley*, 9th Dist. No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

{¶7}    To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999), quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968).  In evaluating the facts and inferences supporting the stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training."  *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976).  A totality of the circumstances review includes consideration of "(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding

circumstances." *State v. Biehl*, 9th Dist. No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179. "Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." (Internal quotations, citations, and emphasis omitted.) *State v. Campbell*, 9th Dist. No. 05CA0032-M, 2005-Ohio-4361, ¶ 11.

{¶8} C.F.C.O. 333.031 provides, in relevant part:

(a) The driver of a motor vehicle, upon approaching a stationary public safety vehicle, * * * shall do either of the following:

(1) If the driver of the motor vehicle is traveling on a street or highway that consists of at least two lanes that carry traffic in the same direction of travel as that of the driver's motor vehicle, the driver shall proceed with due caution and, if possible with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle * * *.

(2) If the driver is not traveling on a street or highway of a type described in subsection (a)(1) of this section, or if the driver is traveling on a highway of that type but it is not possible to change lanes or if to do so would be unsafe, the driver shall proceed with due caution, reduce the speed of the motor vehicle, and maintain a safe speed for the road, weather and traffic conditions.

There is no dispute that Broad Boulevard consisted of at least two lanes traveling in the same direction, but that one of those lanes was obstructed due to a traffic stop that was occurring. As such, it was not possible for Doskocil to change lanes while passing Officer Shafer and subsection (a)(2) applied to him. Doskocil was required, therefore, to "proceed with due caution, reduce the speed of [his car], and maintain a safe speed for the road, weather and traffic conditions." C.F.C.O. 333.031(a)(2).

{¶9} Officer Shafer, a 17-year veteran, testified that he first observed Doskocil as he was standing nearby the white-dotted line of Broad Boulevard's westbound lanes speaking with the driver of another car. Officer Shafer described that both his and another officer's cruisers were parked in the right-hand lane behind the stopped car and that his cruiser, in particular, was

angled and parked closer to the white-dotted line, such that it provided the officers with some coverage during the traffic stop. Officer Shafer testified that Doskocil's car appeared to be drifting toward him when he saw it and that he believed the car actually came into his lane. The car then passed by "very, very close[ly]" without slowing down. Officer Shafer stated that several other cars had passed by him as he was standing in the road, but that he did not have a sense that any of those cars posed a danger to him. On the contrary, Officer Shafer felt there was "a very viable possibility that [Doskocil's car] could have hit [him]" because it was too close. Officer Shafer testified that he pursued Doskocil and cited him because Doskocil failed to slow his car and was moving toward Officer Shafer and the police cruisers rather than away from them.

{¶10} On cross-examination, defense counsel played the dashcam recording from the cruiser of the officer that Officer Shafer was assisting on the night in question. Upon viewing the recording, Officer Shafer admitted that Doskocil's car did not cross over the white-dotted line to the extent that he initially believed, as he had written in his field report that the car was a foot to a foot and a half over the line. Officer Shafer maintained, however, that the tires of Doskocil's car were at least on the white-dotted line. He further maintained that Doskocil was moving towards him and his cruiser instead of moving away and that Doskocil failed to slow his car as he passed.

{¶11} In its suppression ruling, the trial court determined that Officer Shafer had reasonable suspicion to stop Doskocil's car because Doskocil, "at a minimum, did not proceed with caution past the emergency scene, and at worst, left [his] lane of travel at least to the extent that it posed a real and significant danger to the officer." Doskocil argues that Officer Shafer did not have reasonable suspicion to stop him because the dashcam recording from the other

officer's cruiser clearly shows that he was completely within his own lane of travel when he approached Officer Shafer. He further argues that the State failed to produce any evidence that he was driving at an unreasonable speed.

{¶12} The dashcam recording upon which Doskocil extensively relies in support of his argument is not a part of the record on appeal. The record reflects that, while the parties stipulated to the recording's authenticity at the suppression hearing, neither party ever moved to admit the recording. The recording, therefore, was never entered as an exhibit and has not been included as part of the record. As the recording was never admitted as an exhibit and is not a part of this Court's record, we cannot consider it. *See Patio Enclosures, Inc. v. Four Seasons Marketing Corp.*, 9th Dist. No. 22458, 2005-Ohio-4933, ¶ 66 ("A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court."). *See also State v. Vu*, 9th Dist. No. 11CA0042-M, 2012-Ohio-746, ¶ 27 (presuming regularity where appellant challenged items that were not a part of the record on appeal).

{¶13} As set forth above, Doskocil was required to "proceed with due caution, reduce the speed of [his car], and maintain a safe speed for the road, weather and traffic conditions." C.F.C.O. 333.031(a)(2). Officer Shafer testified that Doskocil passed "very, very close[ly]" to him, such that he felt he was in danger, and did not slow his car when he passed. He also testified that several other cars had passed him while he was standing in the road, but that Doskocil's was the only car that he felt posed a danger to him. Having reviewed the record, we cannot conclude that the trial court erred when it determined that Officer Shafer had reasonable suspicion to stop Doskocil. "Reasonable suspicion constitutes something less than probable cause." *Brunswick v. Ware*, 9th Dist. No. 11CA0114-M, 2011-Ohio-6791, ¶ 7. Officer Shafer's

testimony supports the conclusion that he had reasonable articulable suspicion to believe Doskocil failed to proceed with due caution and failed to reduce the speed of his car when approaching and passing the officers and their stationary cruisers on the road. Consequently, the court did not err by denying Doskocil's motion to suppress. *See Campbell*, 2005-Ohio-4361, at ¶ 11. Doskocil's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

DOSKOCIL'S CONVICTION FOR VIOLATING CUYAHOGA FALLS ORDINANCE 333.031 CONCERNING APPROACHING A PUBLIC SAFETY VEHICLE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND MUST BE REVERSED.

<u>Assignment of Error Number Three</u>

DOSKOCIL'S CONVICTION FOR VIOLATING CUYAHOGA FALLS ORDINANCE 333.031 CONCERNING APPROACHING A PUBLIC SAFETY VEHICLE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND MUST BE REVERSED.

{¶14} In his second and third assignments of error, Doskocil argues that his conviction for approaching a stationary public safety vehicle is based on insufficient evidence and is against the manifest weight of the evidence. The record reflects, however, that Doskocil pleaded no contest to all of his charges.

{¶15} A plea of no contest "is not an admission of [a] defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." Crim.R. 11(B)(2). "[A] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." *State v. Fordenwalt*, 9th Dist. No. 09CA0021, 2010-Ohio-2810, ¶ 2, quoting R.C. 2937.07. A defendant who pleads no contest may not challenge the sufficiency of the evidence on appeal so long as the State fulfilled its

obligation to allege sufficient facts in support of the charges. *State v. Srp*, 9th Dist. No. 26029, 2012-Ohio-2285, ¶ 5, quoting *State v. Moore*, 9th Dist. No. 21182, 2003-Ohio-244, ¶ 5. *Accord State v. Wells*, 9th Dist. No. 08CA009481, 2009-Ohio-4611, ¶ 8.

{¶16} The trial court's sentencing entry provides that Doskocil "entered pleas of No Contest to each charge after being advised of his pertinent rights by the Court and after a statement by the prosecutor as to what evidence would be produced to sustain each charge." The record on appeal does not contain a transcript of Doskocil's plea hearing. "Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court." *State v. Jones*, 9th Dist. No. 22701, 2006-Ohio-2278, ¶ 39. The court's sentencing entry reflects that the State gave the court an explanation of the circumstances at the plea hearing and, based upon the State's explanation, the court found Doskocil guilty. Absent a transcript of the plea hearing, Doskocil cannot show that the State failed to allege sufficient facts in support of his conviction. *See Srp* at ¶ 7. Accordingly, this Court must presume regularity and conclude that the State fulfilled its obligation in securing Doskocil's no contest plea. Because the State fulfilled its obligation and Doskocil pleaded no contest, he "cannot [now] challenge his conviction on the grounds that there is insufficient evidence to support it." *Id.* at ¶ 5, quoting *Moore* at ¶ 5. Likewise, he cannot challenge his conviction on the basis that it is against the weight of the evidence. *See State v. Jackson*, 9th Dist. Nos. 24463 & 24501, 2009-Ohio-4336, ¶ 10 ("A criminal defendant who has [pleaded] 'no contest' to a charge cannot later challenge his conviction on the grounds that it was against the manifest weight of the evidence."). Doskocil's second and third assignments of error are overruled.

## III

**{¶17}** Doskocil's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIEL M. WALPOLE, Attorney at Law, for Appellant.

JOHN E. CHAPMAN, Prosecuting Attorney, for Appellee.