[Cite as *State v. Downs*, 2015-Ohio-3398.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MARK E. DOWNS

    Appellant

C.A. Nos.     14CA010635
               14CA010636
               14CA010637

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos.    2014 CRB 01232
              2014 CRB 01357
              2014 CRB 01602

DECISION AND JOURNAL ENTRY

Dated: August 24, 2015

WHITMORE, Presiding Judge.

{¶1} Appellant, Mark E. Downs, appeals his trespass convictions from the Elyria Municipal Court. This Court affirms.

I

{¶2} Downs' daughter and her mother live in an apartment on Tedman Court within the Wilkes Villa complex owned by the Lorain Metropolitan Housing Association ("LMHA"). In April 2014, Downs was arrested for aggravated menacing on the Wilkes Villa property. The police handed him a "Notice of Criminal Trespass on Private Property," which he signed.

{¶3} A few days later, police observed Downs on the Wilkes Villa property. Downs was charged with trespassing in case number 2014CRB01232. In May 2014, Downs was again observed on the Wilkes Villa property and charged with trespassing in case number

2014CRB01357. During his arraignment, the court ordered Downs to "have no contact with any and all LMHA properties" as a condition of his bond. Nonetheless, approximately two weeks later, the police again encountered Downs on the Wilkes Villa property. Downs was charged with trespassing a third time in case number 2014CRB01602.

{¶4} Downs pled no contest to each of the trespass charges. The court found him guilty of all three trespasses and sentenced him accordingly.

{¶5} Downs timely appealed each of his convictions. At his request, we consolidated his appeals. Downs raises three assignments of error for our review. For ease of the analysis, we address his second and third assignments of error together.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT OF CONVICTION AGAINST DEFENDANT-APPELLANT DOWNS FOR CRIMINAL TRESPASS BECAUSE AT ALL TIMES, DOWNS HAD PRIVILEGE TO ENTER ONTO THE LMHA PROPERTY AT ISSUE BY VIRTUE OF INVITATION FROM THE MOTHER OF HIS DAUGHTER TO VISIT.

{¶6} In his first assignment of error, Downs argues that the State presented insufficient evidence that he committed criminal trespass. More specifically, Downs argues that he had a privilege to be on LMHA property based on an "open invitation" from his daughter's mother to visit their apartment anytime. We disagree.

{¶7} A person is guilty of trespass when:

* * * *without privilege to do so*, [he] do[es] any of the following:

(1) Knowingly enter[s] or remain[s] on the property or premises of another;

(2) Knowingly enter[s] or remain[s] on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when

the offender knows the offender is in violation of such restriction or is reckless in that regard;

(3) Recklessly enter[s] or remain[s] on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

(4) Being on the land or premises of another, negligently fail[s] or refuse[s] to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.

(Emphasis added.) R.C. 2911.21(A) and (D)(1); Elyria Codified Ordinances 541.05(a) and (d)(1).

{¶8} In a criminal trial, the absence of a privilege is an element of a trespass offense that the State has the burden to prove beyond a reasonable doubt. *State v. Fish*, 9th Dist. Wayne No. 01CA0016, 2001 WL 1162828, *2 (Oct. 3, 2001). But, when a defendant pleads no contest, the State is relieved of its obligation to present proof beyond a reasonable doubt. *See State v. Bird*, 81 Ohio St.3d 582, 584 (1998). While not an admission of guilt, a no contest plea is an admission of the facts alleged in the indictment or complaint and the facts set forth by the State in its explanation of the circumstances surrounding the charge. *State v. Perry*, 83 Ohio St.3d 41, 43 (1998); Crim.R. 11(B)(2). "A defendant who pleads no contest may not challenge the sufficiency of the evidence on appeal so long as the State fulfilled its obligation to *allege* sufficient facts in support of the charges." (Emphasis added.) *Cuyahoga Falls v. Doskocil*, 9th Dist. Summit No. 26553, 2013-Ohio-2074, ¶ 15.

{¶9} Preliminarily, we must address the state of the record as "[a]n appellate court's review is limited to the record presented before it." *State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 13. According to Downs, "[t]he parties agreed [to] submit an Agreed Statement of the Case pursuant to Appellate Rule 9(D) in lieu of a record transcript in this

matter." Under the rule, an agreed statement of the case is "[i]n lieu of the *record on appeal* as defined in division (A) of this rule." (Emphasis added.) App.R. 9(D)(1). Under division (A), the record on appeal generally includes "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A). Consistent with App.R. 9(D), App.R. 10(B) instructs "[t]he clerk of the trial court shall prepare the certified copy of the docket and journal entries, assemble the original papers, (*or in the instance of an agreed statement of the case pursuant to App.R. 9(D), the agreed statement of the case*), and transmit the record upon appeal to the clerk of the court of appeals * * *." (Emphasis added.) App.R. 10(B). The rules do not authorize the parties, the trial court judge, or the clerk to file an agreed statement of the case as an addition to the record on appeal. *Contrast* App.R. 9(C)(1) (when a transcript is unavailable, a statement of the evidence or proceedings may be prepared to "be included by the clerk of the trial court in the record on appeal").

{¶10} In the current appeals, Downs elected to prepare agreed statements of the cases pursuant to App.R. 9(D). Although the trial court clerk transmitted both the agreed statements and the original papers to the appellate court clerk, our review is limited to the App.R. 9(D) statements. *See State v. Glime*, 9th Dist. Lorain No. 01CA007856, 2001 WL 1339478 (Oct. 31, 2001), fn. 2.

{¶11} Because Downs pled no contest, we must determine whether the State alleged sufficient facts to support the trespass charges. *See Doskocil*, 2013-Ohio-2074, at ¶ 15. The facts alleged by the State would be set forth in the complaints and in its explanation of the circumstances surrounding the charges at the plea hearing. The App.R. 9(D) statements mention complaints that were filed in the cases. The complaints, however, are not attached or

incorporated into the App.R. 9(D) statements. Nor do the statements purport to recite the facts contained in the complaints. Moreover, Downs has not argued that the complaints were defective. As a result, we must presume that the complaints properly alleged the trespass offenses. By virtue of his no contest plea, Downs admitted the facts contained therein and cannot challenge those facts on appeal.

{¶12} Furthermore, the App.R. 9(D) statements do not say that the State failed to offer an explanation of the circumstances surrounding the charges. Rather, the statements combine all the facts in one section without explaining how or by whom those facts were presented to the trial court. The statements, then, briefly mention what appears to be a portion of the procedure at the end. The App.R. 9(D) statements are insufficient for this Court's review.

{¶13} "This Court has repeatedly held that 'it is the duty of the appellant to ensure that the record on appeal is complete.'" *State v. Unik*, 9th Dist. Lorain No. 11CA009996, 2012-Ohio-307, ¶ 7, quoting *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22. "Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court." *Unik* at ¶ 7, quoting *State v. Jones*, 9th Dist. Summit No. 22701, 2006-Ohio-2278, ¶ 39; *Doskocil* at ¶ 16, quoting *Jones* at ¶ 39. Based on the limited record before us, we must presume that the trial court correctly determined that the State alleged sufficient facts to support that Downs lacked a privilege to be on LMHA property.

{¶14} Downs' first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT OF CONVICTION AGAINST DEFENDANT-APPELLANT DOWNS FOR CRIMINAL TRESPASS BECAUSE THE BANISHMENT OF DOWNS FROM LMHA BY SERVICE OF A NOTICE OF CRIMINAL TRESPASS ON

PRIVATE PROPERTY IS UNCONSTITUTIONAL BECAUSE IT VIOLATES DOWNS' RIGHT TO PROCEDURAL DUE PROCESS OF LAW.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT OF CONVICTION AGAINST DOWNS IN THESE TRESPASS CASES BECAUSE THE BANISHMENT BY SERVICE OF A NOTICE OF CRIMINAL TRESPASS ON PRIVATE PROPERTY VIOLATES HIS SUBSTANTIVE RIGHT TO TRAVEL.

{¶15} In his second assignment of error, Downs argues that his procedural due process rights were violated because "[t]he trespass notice does not say anything about an appeal." In his third assignment of error, Downs argues that he was "deprive[d of his] fundamental right to travel to his girlfriend's apartment at LMHA." Downs has not preserved these arguments for appeal.

{¶16} An appellant cannot plead no contest and, thereafter, proffer a constitutional challenge to be considered on appeal. *See State v. Rondon*, 9th Dist. Summit No. 25447, 2011-Ohio-4938, ¶ 2, 5. "If a defendant fails to file a motion to dismiss and subsequently pleads guilty or no contest, any constitutional defect has been waived for appellate review." *State v. Fetty*, 3d Dist. Defiance No. 4-06-26, 2007-Ohio-905, ¶ 6. An App.R. 9(D) statement must show "how the issues raised in the appeal arose and were decided in the trial court." App.R. 9(D)(1).

{¶17} According to the App.R. 9(D) statements, "Downs argued * * * that the notice of criminal trespass is defective for violation of his right to due process of law." The record does not indicate that Downs ever made a motion to dismiss pursuant to this argument. Moreover, even if he had made a motion, there is no indication that the court ever ruled on such a motion. *See Fetty* at ¶ 8 ("plea of no contest prior to the trial court's ruling on the motion to dismiss is tantamount to a withdrawal of the motion"). Consequently, these arguments have not been preserved for appellate review. *See Rondon* at ¶ 5.

**{¶18}** Downs' second and third assignments of error are overruled.

III

**{¶19}** Downs' assignments of error are overruled.  The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MARK S. ONDREJECH, Attorney at Law, for Appellant.

MATTHEW A. MISHAK and MICHELLE D. NEDWICK, Prosecuting Attorneys for Appellee.