[Cite as *State v. Henkel*, 2015-Ohio-5040.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0079-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| MARY S. HENKEL | WADSWORTH MUNICIPAL COURT |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14TRC01091-A |

DECISION AND JOURNAL ENTRY

Dated: December 7, 2015

MOORE, Judge.

{¶1}   Defendant-Appellant, Mary Henkel, now appeals from the judgment of the Wadsworth Municipal Court, denying her motion to suppress. This Court affirms.

I.

{¶2}   Ms. Henkel's adult son is a resident of Newbridge Place, a facility that provides 24-hour care to people suffering from mental illnesses. On the afternoon of March 17, 2014, Ms. Henkel picked up her son from Newbridge Place and took him to lunch in her car. When they returned from lunch and Ms. Henkel brought her son inside, members of the staff observed that she appeared to be intoxicated. A staff member then informed the Executive Director of the facility what he or she had observed. In response, the Executive Director briefly went to see Ms. Henkel in her son's room, confirmed that she appeared to be intoxicated, and immediately contacted the police.

{¶3}   At 3:19 p.m., Officer Noah Schrock was dispatched to Newbridge Place. He briefly spoke with the Executive Director and then confronted Ms. Henkel while she was still in her son's room. Ms. Henkel initially denied having consumed any alcohol. After performing poorly on field sobriety tests, however, she admitted to having consumed several glasses of wine at lunch. Officer Schrock then took Ms. Henkel to the Montville Police Department where, at 5:20 p.m., he administered a breathalyzer test.

{¶4}   Based on the results of the breathalyzer test, Ms. Henkel was charged with one count of operating a motor vehicle with a prohibited blood alcohol concentration, in violation of R.C. 4511.19(A)(1)(d). She initially pleaded not guilty to the charge and filed a motion to suppress. After the court held a hearing and denied her motion, however, she pleaded no contest to the charge. The court sentenced her to thirty days in jail and a fine, but stayed the execution of her sentence so that she could pursue an appeal.

{¶5}   Ms. Henkel now appeals and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FINDING THAT THE BREATH TEST WAS GIVEN TO [MS. HENKEL] WITHIN THREE HOURS OF THE OPERATION OF A MOTOR VEHICLE, THEREBY SUPPORTING A CHARGE OF OPERATING A MOTOR VEHICLE WITH A PROHIBITIVE BAC.

{¶6}   In her sole assignment of error, Ms. Henkel argues that the trial court erred when it found that Officer Schrock administered her breathalyzer test within three hours of her operating a motor vehicle. She argues that the State produced insufficient evidence to that effect and that the trial court should have granted her motion to suppress on that basis. We disagree.

{¶7}   Initially, we note that Ms. Henkel pleaded no contest in this matter. "A defendant who pleads no contest may not challenge the sufficiency of the evidence on appeal so long as the

State fulfilled its obligation to allege sufficient facts in support of the charges." *Cuyahoga Falls v. Doskocil*, 9th Dist. Summit No. 26553, 2013-Ohio-2074, ¶ 15. Ms. Henkel has not argued that her charging instrument failed to allege sufficient facts. In her brief, however, she repeatedly cites to case law concerning the sufficiency of the evidence. Because Ms. Henkel waived the issue of sufficiency by pleading no contest, we will not consider the issue of whether the State proved its case beyond a reasonable doubt. *See id. Accord State v. Polansky*, 9th Dist. Medina No. 13CA0012-M, 2014-Ohio-2571, ¶ 6-7. Instead, we limit our review to her argument that the court erred by denying her motion to suppress.

{¶8} The Ohio Supreme Court has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied).

{¶9} Under R.C. 4511.19(A)(1)(d), "[n]o person shall operate any vehicle * * * if, at the time of the operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath." If the State intends to rely on a breathalyzer test as proof that a person violated the foregoing statute, the test must be performed "within three hours of the time of the alleged violation." R.C. 4511.19(D)(1)(b). Ms. Henkel argues that the trial court erred by denying her motion to suppress because the record does not contain competent, credible evidence

that Officer Schrock performed her breathalyzer test within three hours of her having operated her motor vehicle.

{¶10} Erzsebet Mikita testified that she is the Executive Director of Newbridge Place, a non-profit agency that provides 24-hour care to mentally ill residents. Ms. Mikita confirmed that Ms. Henkel's adult son is a resident of the facility. On the afternoon of March 17, 2014, a member of Ms. Mikita's staff informed her that Ms. Henkel had "just entered" the facility and appeared to be intoxicated. Ms. Mikita learned that the staff member had been outside taking a break when he or she observed Ms. Henkel drive into the parking lot and walk into the facility with her son. Ms. Mikita sought to investigate the concern and went directly to Ms. Henkel's son's room to speak with her. Once there, she noted that Ms. Henkel could not stand up straight without swaying and smelled of alcohol. Because it was her impression that Ms. Henkel was "definitely drunk," Ms. Mikita immediately called the police and reported the incident.

{¶11} Officer Noah Schrock testified that, at 3:19 p.m., he received word from dispatch that there had been a possible drunk driving incident and that the driver had entered Newbridge Place. Officer Schrock estimated that it took him about two minutes to drive to the facility because he was only about three blocks away. When he arrived, Ms. Mikita met him and briefly explained the situation. He then proceeded to Ms. Henkel's son's room to speak with her.

{¶12} Officer Schrock testified that Ms. Henkel "appeared to have trouble standing straight" and smelled of alcohol. Ms. Henkel admitted that she had driven her son to lunch and brought him back to the facility in her car, but she denied having had anything to drink. After she performed poorly on the field sobriety testing that Officer Schrock performed, however, Ms. Henkel admitted that she had consumed three glasses of wine at lunch. Officer Schrock testified

that he took Ms. Henkel to the Montville Police Department for a breathalyzer test and that he performed the test at 5:20 p.m.

{¶13} The trial court found that Officer Schrock conducted Ms. Henkel's breathalyzer test within three hours of her operating her vehicle. It noted that Officer Schrock was dispatched to Newbridge Place at 3:19 p.m. and performed Ms. Henkel's test at 5:20 p.m., such that two hours and one minute had elapsed between those two events. It further noted that, based on the testimony, it was reasonable to infer that a short amount of time had elapsed from the point that Ms. Henkel drove into Newbridge Place to the point that Officer Schrock received his dispatch. The court wrote that "while it [was] obvious that some time accrued between [Ms. Henkel] driving into the parking lot and Ms. Mikita calling the police, [the court] [was] confident that did not take 59 minutes." Consequently, it denied Ms. Henkel's motion to suppress.

{¶14} Having reviewed the evidence, we must conclude that the court's findings are based on competent, credible evidence. Officer Schrock received his dispatch at 3:19 p.m. and performed the breathalyzer test at 5:20 p.m. Thus, the trial court correctly surmised that, for the test results to be valid, Ms. Henkel would have had to have operated her vehicle no earlier than 2:20 p.m. Ms. Mikita testified that a member of her staff saw Ms. Henkel arrive in her car and reported to her that Ms. Henkel's had "just entered" the facility and appeared to be intoxicated. Ms. Mikita then walked directly to Ms. Henkel's son's room and observed her before she immediately called the police. While it would have been prudent for the State to ask Ms. Mikita to estimate when Ms. Henkel arrived or how much time elapsed before Officer Schrock arrived, we agree that, based on these specific facts and circumstances, one could infer that less than 59 minutes passed from the time that Ms. Henkel arrived to the time that Officer Schrock arrived. *See State v. Ruppert*, 4th Dist. Washington No. 13CA10, 2013-Ohio-4878, ¶ 25-27. Ms. Henkel

was still in her son's room when Officer Schrock arrived and there was no testimony that there were any notable periods of delay from the time that the staff at Newbridge Place first observed Ms. Henkel to the time that Officer Schrock arrived there. Thus, the trial court's factual findings are based on competent, credible evidence. Ms. Henkel's sole assignment of error is overruled.

### III.

{¶15} Ms. Henkel's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

JAMES R. RUSSELL, JR., Attorney at Law, for Appellee.