[Cite as *State v. Dolcini*, 2024-Ohio-1843.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.        22CA0056-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GERALD DOLCINI | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.      22CRB00538 |

## DECISION AND JOURNAL ENTRY

Dated: May 13, 2024

---

HENSAL, Presiding Judge.

**{¶1}** Gerald Dolcini appeals his convictions for littering by the Medina Municipal Court. For the following reasons, this Court reverses.

I.

**{¶2}** Mr. Dolcini repeatedly placed paper material in the yards of two of his neighbors in response to political signs they displayed. The material was in bags that contained newspaper clippings, magazine articles, mail Mr. Dolcini had received, pamphlets, and other paper material. Mr. Dolcini had cut his address out of any of the mail, but the post office was able to use other identifying information on the pieces to determine they had been delivered to him. According to Mr. Dolcini, he delivered the material to promote the discussion of environmental issues. He removed his name because he did not want his mailbox to be blown up by an explosive, as had happened to another resident of his township.

**{¶3}** After Mr. Dolcini's neighbors complained about receiving the material, he was charged with two counts of littering, in violation of Revised Code Section 3767.32(A). Before trial, Mr. Dolcini moved to dismiss the charges, arguing that his activity was protected under the First Amendment. He submitted an affidavit in support of his motion, which the State did not contest. The trial court rejected his motion to dismiss, however, and, following a trial to the bench, found that the material was litter. It convicted him of both counts and ordered him to complete 30 hours of community service and pay a $150 fine. Mr. Dolcini has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING MR. DOLCINI'S MOTION TO DISMISS ON FIRST AMENDMENT GROUNDS.

**{¶4}** In his third assignment of error, Mr. Dolcini argues that the municipal court should have granted his motion to dismiss. He argues that the littering statute is unconstitutional as applied to his actions because it violates his right to free speech.

**{¶5}** "Although a municipality may enact regulations in the interest of the public safety, health, welfare or convenience, these may not abridge the individual liberties secured by the Constitution to those who wish to speak, write, print or circulate information or opinion." *Schneider v. State of New Jersey, Town of Irvington*, 308 U.S. 147, 160 (1939). In *Schneider*, the United States Supreme Court noted that pamphlets "have proved most effective instruments in the dissemination of opinion." *Id*. at 164. It also noted that "perhaps the most effective way of bringing them to the notice of individuals is their distribution at the homes of the people." *Id*. This Court has also recognized that "[t]he right to distribute, circulate, or otherwise disseminate ideas and written materials has long been recognized as constituting an integral part of the right of free speech." *Akron v. Molyneaux*, 144 Ohio App.3d 421, 426 (9th Dist.2001).

**{¶6}** In *Martin v. Struthers, Ohio*, 319 U.S. 141 (1943), the Supreme Court explained that the "[f]reedom to distribute information to every citizen wherever he desires to receive it is so clearly vital to the preservation of a free society that, putting aside reasonable police and health regulations of time and manner of distribution, it must be fully preserved." *Id*. at 146-147. Surveying the then-existing trespassing laws, the Court noted that those laws required a warning by a property owner to others to keep off the premises. *Id*. at 147. It also noted the importance of leaving "the decision as to whether distributers of literature may lawfully call at a home where it belongs-with the homeowner himself." *Id*. at 148.

**{¶7}** According to Mr. Dolcini's affidavit, all the residences where he left materials had political signage in their yards and none of them had no trespassing signs posted. Thus, their consent to receive literature is "implied from community custom and tradition." *Reddy v. Plain Dealer Publishing Co.*, 8th Dist. Cuyahoga No. 98834, 2013-Ohio-2329, ¶ 23. Mr. Dolcini also indicated that he placed the reading material in waterproof bags that he bound with a rubber band and that he placed the bags near the homeowners' mailboxes.

**{¶8}** Upon review of the record, we conclude that, under the uncontested facts that were listed in Mr. Dolcini's affidavit, Mr. Dolcini's delivery of political and other literature to his neighbors was protected speech under the First Amendment. The trial court, therefore, should have granted his motion to dismiss. Mr. Dolcini's third assignment of error is sustained. Considering the resolution of this assignment of error, Mr. Dolcini's first and second assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c).

III.

**{¶9}** Mr. Dolcini's third assignment of error is sustained. His first and second assignments of error are moot. The judgment of the Medina Municipal Court is reversed.

Judgment reversed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.