[Cite as *State v. Purnell*, 2024-Ohio-4890.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | | C.A. No. 30998 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| JUSTIN PURNELL | | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2021-05-1857(A) |

DECISION AND JOURNAL ENTRY

Dated: October 9, 2024

CARR, Judge.

{¶1} Appellant, Justin Vita Purnell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} After a traffic stop that occurred on May 13, 2021, the Summit County Grand Jury indicted Purnell on one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), along with an attendant forfeiture specification pertaining to a gun found during the stop. Purnell pleaded not guilty to the charge at arraignment. Purnell subsequently appeared for a change-of-plea hearing where he entered a plea of no contest to the charge of improperly handling a firearm and a plea of guilty to the forfeiture specification. The trial court found Purnell guilty of the underlying charge and the matter proceeded to sentencing. The trial court imposed a 12-month term of community control and ordered the forfeiture of the handgun.

{¶3} On appeal, Purnell raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. [1]

{¶4}    Although Purnell pleaded no contest to the charge of improperly handing a firearm in a motor vehicle, Purnell argues that his conviction was not supported by the weight of the evidence. Purnell contends that, based upon the facts read into the record at the plea hearing, he was a "[q]ualifying adult" pursuant to R.C. 2923.111 who was eligible to carry a firearm at the time the incident occurred on May 13, 2021. While R.C. 2923.111 did not go into effect until June 13, 2022, Purnell argues that the statute should be applied retroactively pursuant to R.C. 1.58(B). Purnell further points out that he was not sentenced until after R.C. 2923.111 went into effect and he argues that, at a minimum, he should have received a reduced sentence.

{¶5}    Purnell cannot prevail on his manifest weight challenge. Although Purnell does not challenge the validity of the plea hearing, he argues that the facts read into the record at the time of his plea do not support his conviction and sentence. This Court has held that a criminal defendant who pleads no contest to a charge cannot later raise a challenge pertaining to the weight of the evidence as to that charge on appeal. *Cuyahoga Falls v. Doskocil*, 2013-Ohio-2074, ¶ 16 (9th Dist.); *State v. Jackson*, 2009-Ohio-4336, ¶ 10 (9th Dist.). Under these circumstances, Purnell's assignment of error is without merit.

{¶6}    Purnell's sole assignment of error is overruled.

---

[1] Notably, there was no jury trial in this matter. Purnell pleaded no contest and the trial court found Purnell guilty based on the facts read into the record by the State at the plea hearing. The trial court noted in the sentencing entry that Purnell did not consent to a finding of guilt.

## III.

**{¶7}** Purnell's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.