[Cite as *State v. Dolcini*, 2025-Ohio-1128.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS

                      )ss:              NINTH JUDICIAL DISTRICT

COUNTY OF MEDINA    )

STATE OF OHIO                  C.A. No.       2023CA0065-M

    Appellee

    v.                       APPEAL FROM JUDGMENT

                             ENTERED IN THE

GERALD DOLCINI          MEDINA MUNICIPAL COURT

                           COUNTY OF MEDINA, OHIO

    Appellant            CASE No.    22CRB001175

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

CARR, Judge.

**{¶1}** Appellant, Gerald Dolcini, appeals the judgment of the Medina Municipal Court. This Court reverses and remands.

I.

**{¶2}** The instant appeal relates to two cases in the Medina Municipal Cout where Dolcini was convicted of littering. Last year, this Court issued a decision resolving Dolcini's appeal from Case No. 22CRB00538. *State v. Dolcini*, 2024-Ohio-1843 (9th Dist.) ("*Dolcini I*"). This Court described the underlying facts in that case as follows:

> [] Dolcini repeatedly placed paper material in the yards of two of his neighbors in response to political signs they displayed. The material was in bags that contained newspaper clippings, magazine articles, mail [] Dolcini had received, pamphlets, and other paper material. [] Dolcini had cut his address out of any of the mail, but the post office was able to use other identifying information on the pieces to determine they had been delivered to him. According to [] Dolcini, he delivered the material to promote the discussion of environmental issues. He removed his name because he did not want his mailbox to be blown up by an explosive, as had happened to another resident of his township.

*Dolcini I* at ¶ 2.

**{¶3}** Dolcini was charged with two counts of littering in violation of R.C. 3767.32(A). *Id.* at ¶ 3. Dolcini filed a pretrial motion to dismiss the charges on the basis that his conduct was protected under the First Amendment. *Id.* Dolcini filed an affidavit in support of his motion, the contents of which the State did not contest. *Id.* The trial court denied the motion to dismiss. *Id.* The matter proceeded to a bench trial where the trial court found Dolcini guilty of both counts of littering. *Id.* Dolcini was sentenced to 30 hours of community service and ordered to pay a $150 fine. *Id.*

**{¶4}** On appeal, Dolcini set forth an assignment of error arguing that the trial court erred in denying his motion to dismiss because the littering statute was unconstitutional as applied to his circumstances because it violated his right to free speech. *Id.* at ¶ 4. This Court sustained the assignment of error on the basis that the trial court erred in denying the motion to dismiss. *Id.* at ¶ 7-8. In reaching that conclusion, this Court observed that the undisputed facts set forth in Dolcini's affidavit indicated that the manner in which he distributed the materials supported the conclusion that his neighbors' "consent to receive the literature [was] implied from community custom and tradition." (Internal citations and quotations omitted.) *Id.* at ¶ 7. This Court reversed the trial court's judgment. *Id.* at ¶ 9.

**{¶5}** Dolcini was separately charged with one count of littering in Case No 22CRB01175. The complaint in Case No. 22CRB01175 was filed roughly six months after the complaint was filed in Case No. 22CRB00538. While Case No. 22CRB01175 was still pending before the trial court, Dolcini moved for a stay pending the outcome of this Court's decision in *Dolcini I*. The trial court denied the motion. Dolcini subsequently entered into a plea agreement where he agreed to plead no contest to the littering charge in Case No. 22CRB01175. Pursuant to the plea agreement, the State agreed to a stay of Dolcini's sentence pending this Court's decision

in *Dolcini I*. The trial court sentenced Dolcini to a 60-day jail sentence, which was suspended, and imposed a $300 fine. The trial court subsequently issued an order staying Dolcini's sentence.

{¶6} Dolcini filed a notice of appeal. While the instant appeal was pending, this Court issued its decision in *Dolcini I*. Thereafter, the parties filed their merit briefs in this matter. Dolcini raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE OFFENSES IN THIS MATTER MUST BE DISMISSED BASED ON THIS COURT'S DECISION IN *STATE V. DOLCINI*, 9TH DIST. MEDINA NO. 22CA0056-M.

{¶7} In his sole assignment of error, Dolcini contends that this Court's decision in *Dolcini I* compels this Court to reverse his conviction and remand this matter for the trial court to dismiss the littering charge. This Court agrees.

{¶8} In his brief, Dolcini notes that he agreed to plead no contest to the littering charge after the parties reached an understanding that the materials pertinent to the littering charge in this case were "substantially identical" to those in *Dolcini I*. Dolcini contends that, pursuant to the plea agreement, the trial court agreed to stay the sentence in this matter pending the outcome of *Dolcini I*. The State agrees with Dolcini's statement of the case, acknowledging that "[t]he facts applicable to the case now at bar are essentially identical to the facts and case law applicable in [*Dolcini I*]." The State concedes that this matter should be remanded for the trial court to resolve this case in a manner consistent with *Dolcini I*.

{¶9} "Plea agreements are an essential and necessary part of the administration of justice." *State v. Carpenter*, 68 Ohio St.3d 59, 61 (1993), citing *Santobello v. New York*, 404 U.S. 257, 261 (1971). The Supreme Court of Ohio has recognized that the process of arriving at a plea

agreement involves the state and the defendant bargaining away their desired outcome in the case. *State v. Harrison*, 2009-Ohio-3547, ¶ 41.

{¶10} Under the unique circumstances of this case, we are compelled to sustain Dolcini's assignment of error. Dolcini pleaded no contest to the littering charge with the understanding that this Court would account for the holding in *Dolcini I* in resolving the instant appeal. In *Dolcini I*, this Court sustained Dolcini's as applied challenge to the littering statute on First Amendment grounds. *Dolcini I*, 2024-Ohio-1843, at ¶ 5-7 (9th Dist.). In light of the plea agreement, as well as the State's concession on appeal, Dolcini's assignment of error is sustained as this matter should be remanded for the trial court to vacate Dolcini's conviction and dismiss the littering charge.

{¶11} Dolcini's assignment of error is sustained.

### III.

{¶12} Dolcini's assignment of error is sustained. The judgment of the Medina Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶14} I respectfully dissent. Initially, the majority fails to acknowledge the impact of the procedural differences between this case and *Dolcini I*. In *Dolcini I*, Dolcini moved to dismiss the littering charge on the basis that the littering statute was unconstitutional as applied to him. *Dolcini I*, 2024-Ohio-1843, at ¶ 3-4. After the trial court denied Dolcini's motion to dismiss, the matter proceeded to a bench trial. *Id.* at 3.

{¶15} Here, Dolcini pleaded no contest to the littering charge. "Under Crim.R. 11(B)(2), '[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *.'" (Alterations in original.) *State v. Jones*, 2023-Ohio-4829, ¶ 12 (9th Dist.), quoting Crim.R. 11(B)(2). As this Court has stated, "[a]n appellant cannot plead no contest and, thereafter, proffer a constitutional challenge to be considered on appeal." *State v. Downs*, 2015-Ohio-3398, ¶ 16 (9th Dist.). Relatedly, "[i]f a defendant fails to file a motion to dismiss and subsequently pleads . . . no contest," the defendant cannot raise a constitutional argument on appeal. *Id.*

{¶16} Unlike *Dolcini I*, Dolcini did not move to dismiss the littering charge, let alone move to dismiss the charge on constitutional grounds. His failure to raise a constitutional argument below precludes him from doing so on appeal. *State v. Rondon*, 2011-Ohio-4938, ¶ 5 (9th Dist.). This is the law regardless of any purported stipulations between the parties, and regardless of any apparent agreement that this Court should reverse and/or remand the case to the trial court. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 2009-Ohio-3657, ¶ 18 ("[T]his court is not bound by the parties' stipulation on [a] legal issue . . . .").

{¶17} The majority does not address this dispositive procedural issue. Instead, it concludes that this Court must reverse the decision of the trial court based upon the parties' purported plea agreement and their apparent agreement regarding the outcome of this appeal. But the parties' purported plea agreement is not in the record before this Court. The parties simply assert on appeal that the underlying facts are "substantially identical" and "essentially identical" to those in *Dolcini I*. Without a factual record developed below, this Court cannot verify the parties' assertions in this regard. The fact that the parties agree on appeal about some of the underlying facts and the applicability of *Dolcini I* is of no consequence. As the Ohio Supreme Court has made clear, this Court is not "bound by any agreement, stipulation, or concession from the parties as to what the law requires." *State ex rel. Steffen v. Myers*, 2015-Ohio-2005, ¶ 16.

{¶18} Additionally, the majority fails to acknowledge the nature of as-applied constitutional challenges. As-applied constitutional challenges "depend[] upon a particular set of facts" that must be developed in the record to allow for appellate review. *Wymsylo v. Bartec, Inc.*, 2012-Ohio-2187, ¶ 22; *State v. Sebring*, 2023-Ohio-2911, ¶ 11 (9th Dist.). This Court's decision in *Dolcini I* turned on the "particular set of facts" in that case. Specifically, this Court's decision turned on the uncontested facts set forth in the affidavit Dolcini submitted with his motion to

dismiss. Unlike *Dolcini I*, the underlying facts of this case are not reflected in the record before this Court. Yet the majority simply accepts the parties' stipulations on appeal and allows the parties, not this Court, to determine the impact of *Dolcini I* on this appeal.

{¶19} In summary, I disagree with the majority's conclusion because it: (1) ignores the implications of Dolcini's no contest plea and the fact that Dolcini did not raise an as-applied constitutional challenge below; (2) relies upon a purported plea agreement (and the purported stipulations contained therein) that is not reflected in the record before this Court; and (3) allows the parties to usurp the authority of this Court and determine the applicability of *Dolcini I* and the outcome of this appeal for themselves. It is this Court's duty to apply the law. *See Myers* at ¶ 16. Applying the law, I would affirm the decision of the trial court. For these reasons, I respectfully dissent.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

GREGORY HUBER, Prosecuting Attorney, for Appellee.